## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROMERO HONGA, JR., | DOCKET NUMBER |
| Appellant, | DE-0351-16-0072-I-1 |
| v. | |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, | DATE: May 6, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Romero Honga, Jr., Peridot, Arizona, pro se.

Naomi L. White, Phoenix, Arizona, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his reduction in force (RIF) appeal for lack of jurisdiction because a negotiated grievance procedure was the exclusive remedy available to him. Generally, we grant petitions such as this one only when:  the initial decision

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    Effective February 17, 2015, the agency appointed the appellant to an excepted-service Custodial Worker position at the agency's Indian Health Service, Phoenix Area Indian Health Service, San Carlos Service Unit. Initial Appeal File (IAF), Tab 6 at 12. The appellant's Federal position was abolished in July 2015; however, the San Carlos Apache Tribe took over operations of the San Carlos Hospital pursuant to an Indian Self-Determination and Education Assistance Act of 1975 contract. *Id*. at 22-24. The appellant entered into a Special Purpose Assignment Agreement under the authority of the Intergovernmental Personnel Act (IPA), by which he was detailed to a Custodial Worker position with the tribal organization for a 2-year period while still remaining a Federal employee. *Id*. at 23-28. By signing the agreement, the appellant certified, among other things, that he had been informed that his assignment could be terminated at any time by the tribal organization and that he understood that he may be subject to RIF procedures at the end of his assignment

unless he accepted a direct hire position with the tribal organization or reassignment to an agency position. *Id.* at 25-28. The tribal organization terminated the appellant's assignment on September 2, 2015, and the agency separated him from Federal service by a RIF effective November 1, 2015. *Id.* at 13-14, 30, 32.

¶3 The appellant appealed his separation to the Board, arguing that the tribal organization had no reason to terminate him from his job. IAF, Tab 2 at 2. The agency moved to dismiss the appeal for lack of jurisdiction, arguing that: (1) the Board could not review the tribal organization's decision to terminate the IPA assignment because the Board does not have jurisdiction over the actions of a tribal organization; and (2) the Board could not adjudicate issues related to the agency's RIF action because the negotiated grievance procedure was the exclusive remedy available under the collective bargaining agreement (CBA) where, as here, the appellant had not raised a claim of discrimination prohibited by 5 U.S.C. § 2302(b)(1). IAF, Tab 6 at 7‑9. The administrative judge notified the appellant of his jurisdictional burden and afforded him an opportunity to respond to the agency's motion to dismiss. IAF, Tab 7. In response, the appellant stated that the tribal organization had no reason to separate him and requested a hearing. IAF, Tab 8. In an initial decision, the administrative judge found that the appellant was not entitled to a hearing because he failed to make a nonfrivolous allegation of jurisdiction. The administrative judge dismissed the appeal for lack of jurisdiction for the reasons proffered by the agency. IAF, Tab 10, Initial Decision (ID).

¶4 In response to the question on the petition for review form asking the appellant whether there were any other reasons why the initial decision was wrong, he hand wrote, "Yes," then, "sex [harassment] and [threatened] 2 co-worker[s]." Petition for Review (PFR) File, Tab 1 at 2. The agency has submitted a response in opposition to the appellant's petition for review. PFR File, Tab 3.

<u>The administrative judge correctly determined that the Board lacks jurisdiction over the tribal organization's decision to terminate the appellant's assignment.</u>

¶5        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant's IPA assignment was terminated by the San Carlos Apache Healthcare Corporation pursuant to the terms of the Special Purpose Assignment Agreement. IAF, Tab 6 at 23-28, 30. The San Carlos Apache Healthcare Corporation is not a Federal agency and, therefore, is not part of the Federal Government subject by statute to competitive or excepted service requirements. *See* 5 U.S.C. § 3371(2)‑(3); *Blackhat v. Department of Health & Human Services*, 117 M.S.P.R. 552, ¶ 5 (2012). Accordingly, we find that the administrative judge correctly determined that the Board lacks jurisdiction to review the San Carlos Apache Healthcare Corporation's decision to terminate the appellant's IPA assignment. ID at 3.

<u>The administrative judge correctly determined that the Board lacks jurisdiction over this appeal because the negotiated grievance procedure is the exclusive remedy available to the appellant to challenge the RIF action.</u>

¶6        If an employee is covered by a CBA that does not exclude RIF actions, then the negotiated grievance procedures set forth in the CBA are generally the exclusive procedures for resolving RIF actions that would otherwise be appealable to the Board. *Blackhat*, 117 M.S.P.R. 552, ¶ 6; *see* 5 U.S.C. § 7121(a); 5 C.F.R. § 1201.3(c)(1). An aggrieved employee who alleges that he has been affected by discrimination prohibited under 5 U.S.C. § 2302(b)(1), however, may elect to file an appeal with the Board concerning an action otherwise exclusively covered by the negotiated grievance procedures of the CBA. *Blackhat*, 117 M.S.P.R. 552, ¶ 6 n.3; *see* 5 U.S.C. § 7121(d); 5 C.F.R. § 1201.3(c)(1)(i).

¶7        Here, as the administrative judge correctly determined, the appellant was covered by a CBA, which did not exclude RIF actions, and he did not raise any claim of discrimination in connection with his appeal of the RIF action. ID at 6;

*see* IAF, Tab 2, Tab 6 at 16, Tab 8.  Thus, we find no error in the administrative judge's finding that the Board lacks jurisdiction over the RIF action because the CBA was the exclusive remedy available to the appellant.   ID at 6.  We further find no error in the administrative judge's determination that the appellant failed to make a nonfrivolous allegation of jurisdiction as to entitle him to a hearing. *See Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006).

¶8        For the first time on review, the appellant appears to raise of claim of discrimination in connection with the RIF action.   PFR File, Tab 1 at 2. However, the appellant was properly informed of his jurisdictional burden below and was afforded an opportunity to raise any claims of discrimination at that time, but did not do so.   IAF, Tabs 7-8; *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (explaining that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue).  Moreover, the appellant's vague statement that the initial decision was wrong because of "sex [harassment] and [threatened] 2 co‑worker[s]" fails to present any meaningful argument for our review.  Finally, the appellant has not alleged that he previously lacked sufficient knowledge to suspect that discrimination occurred.  Consequently, the appellant's allegations of discrimination on review do not provide a basis for the Board's jurisdiction over this appeal.   *See Weslowski v. Department of the Army*, 80 M.S.P.R. 585, ¶¶ 11‑14 (finding that the appellant's allegations of discrimination raised for the first time on review did not provide a basis for Board jurisdiction over his appeal from his RIF separation where he had sufficient information to reasonably suspect that his separation might be discriminatory), *aff'd*, 217 F.3d 854 (Fed. Cir. 1999) (Table).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                _____
                                          William D. Spencer
                                          Clerk of the Board

Washington, D.C.